```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

               Plaintiff,
     vs.                              Case No. 11-40058-01-RDR

GREGORY LEANARD CANADY,

               Defendant.
_____
```

**O R D E R**

This case is before the court upon defendant's unopposed motion to continue the trial currently scheduled for October 3, 2011 for an unspecified amount of time. This is the first request for a continuance in this case.

Defendant is charged in a 15-count indictment with possession with intent to distribute different kinds of controlled substances on eight different dates. One of the counts alleges possession with intent to distribute within 1000 feet of a public school.

Defendant asserts that there are ongoing negotiations between the parties for a non-trial resolution of this case. The motion implies that more time would be helpful to determine whether these negotiations bear fruit and whether it is necessary to prepare for trial.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the

ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    Most of the factors described above are not relevant to this case, although this case does involve numerous counts of illegal conduct allegedly happening on a series of dates.  Therefore, it may require additional time for preparation even for plea negotiations.  After full consideration, the court finds that the denial of the requested continuance may deny counsel and defendant the time necessary to adequately consider whether to proceed to trial and how to prepare for trial, taking into account the exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties

because it may save time and money and facilitate a fair, just and efficient resolution of this matter. Defendant is detained pending trial. Consequently, the court has no grounds to believe that defendant is a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance granted in this order constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and the trial of this case shall be continued to November 8, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2011 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge